UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SETH CANFIELD,

        Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

        Defendant.

CASE NO.    C07-5608JKA

ORDER REMANDING
ADMINISTRATIVE DECISION

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration's final decision denying plaintiff's application for social security benefits. This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed and oral argument was presented on September 9, 2008. After reviewing the record, the Court remands the matter to the Social Security Administration for further consideration.

Plaintiff argues for remand on the following basis: (i) the administrative law judge's decision that Plaintiff was not disabled after April 7, 2004, is not supported by substantial evidence, and (ii) the administrative law judge failed to include all relevant limitations in the hypothetical questions asked of the vocational expert. More specifically, Plaintiff argues the ALJ failed to properly consider certain medical evidence. Plaintiff specifically argues the ALJ improperly relied on vocational expert testimony from a prior hearing and failed to allow the vocational expert at the second hearing testify, which would have included information and evidence that was not in the record at the time of the first hearing. Finally, Plaintiff contends the ALJ did not consider lay witness evidence in context of the relevant time period.

The Court must uphold the administrations's determination that plaintiff is not disabled if the ALJ

ORDER
Page - 1

applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the administrative decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After considering the oral argument and carefully reviewing the parties briefs and the administrative record, the court finds and orders as follows.

1. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). A vocational expert must testify at a hearing on the issue of whether the claimant is able to perform substantial gainful activity. Perminter v. Heckler, 765 F.2d 870 (9th Cir. 1985). The vocational expert is asked hypothetical questions and those questions should include all of the claimant's limitations. Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir.1991); Gallant v. Heckler, 753 F.2d 1450 (9th Cir. 1984). If the hypothetical questions fail to include all the relevant limitations, it cannot be considered substantial evidence. Cooper v. Sullivan, 880 F.2d 1152, 1158 n. 13 (9th Cir.1989) (holding vocational expert's testimony must "accurately reflect all of the claimant's limitations, including pain" or it has no evidentiary value).

At the first administrative hearing the ALJ asked a vocational expert, William W. Weiss, questions which led to the conclusion that Plaintiff was able to perform certain sedentary jobs. The conclusion was not valid because the Appeals Council found the ALJ's failed to properly obtain evidence from a mental health expert and give further consideration to Plaintiff's residual functional capacity in light of his apparent mental health limitations. Accordingly, a subsequent review and second hearing took place, at which the ALJ took additional testimony, including testimony from Dr. Lewy, a psychologist. A vocational expert, Leta Berkshire, attended the second hearing, but did not testify. The ALJ did not ask her any hypothetical questions, which would presumably have included the mental health evidence from Dr. Lewy and any other evidence related to Plaintiff's residual functional capacity. The

ALJ concluded Plaintiff was not disabled as of April 2004, and in doing so he relied again on the previous testimony of Mr. Weiss.

Significantly, Dr. Lewy testified Plaintiff has had "severe, persistent memory problems since – supposedly since the accident in 2002." Dr. Lewy opined Plaintiff suffered from moderate limitations in daily living, social functioning and maintaining concentration, persistence in pace without episodes of decompensation. Dr. Lewy stated Plaintiff would be able to do simple and repetitive work, including two to three step tasks of moderate pace. Although Dr. Lewy's opinion appears to be consistent with the hypothetical posed to Mr. Weiss at the first administrative hearing, Mr. Weiss was not able to incorporate Dr. Lewy's full testimony into formulating an answer. To fully and fairly develop the record, the ALJ should have asked the same or similar hypothetical to the vocational expert (Ms. Berkshire) present at the second hearing.

2. In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e). If an ALJ rejects lay witness statements, he must give reasons germane to each witness for rejecting the evidence. 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) & (e); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

Mr. Canfield's mother, Sandra Canfield, submitted a functional report, dated April 24, 2006, outlining her observations of her son following the first automobile accident (Tr. 241 - 49). The ALJ stated, "I have considered the function report completed by Sandra Canfield and have assigned it weight appropriate to its probative value." (Tr. 28). The ALJ discounted her statement because it was submitted a few months after Mr. Canfield returned to work, Mr. Canfield's mood improved after he returned to work, and her statement that her son could pay attention for only 10 minutes was inconsistent with her son's return to work (Tr. 28). The ALJ erred in not explaining and/or considering the relevant time period. The ALJ's comments indicated he focused only on the period after Plaintiff returned to work in January 2006 and not the period from the first accident three and a half years earlier on November 27, 2002. Mrs. Canfield's statements relate to the physical and mental limitations caused by the injuries sustained in the automobile accident of November 2002. She also describes that Plaintiff was depressed and slept a lot, which is consistent with Plaintiff's reported activity level before he returned to work for

his brother. She also describes a decline in memory such that she has to call her son or put post it notes up to remind her son of appointments or medications, which is consistent with Dr. Lewy's opinion (Tr. 243). The ALJ improperly dismissed the lay witness statements, saying that it is inconsistent with work activities without considering whether these limitations impacted Mr. Canfield between April 7, 2004 and December 31, 2005, the relevant time period in this case.

Based on the above errors, the Court REMANDS the matter to the Social Security Administration for further consideration. On remand the matter should be assigned to a new administrative law judge, who should reconsider each of the five-steps of the administrative process.

DATED this 13th day of November, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge